# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br>vs.<br>**ALAN JOHNSON,**<br>    Defendant. | CASE NO. 18-cr-00145-YGR-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 42 |

On April 12, 2018, defendant Alan Johnson was charged in a four-count indictment for distribution of powder and crack cocaine in violation of 21 U.S.C. section 841. Johnson's case, which was part of a larger federal law enforcement operation targeting street level drug dealing in East Oakland, stemmed from two occasions when he sold illegal drugs to a confidential informant. He entered an open plea to all counts in the indictment on October 2, 2018. On January 31, 2019, this Court sentenced Johnson to 86 months in the custody of the Bureau of Prisons ("BOP"), followed by four years of supervised release. Johnson is currently serving his sentence at United States Penitentiary, Lompoc ("USP Lompoc"), with an anticipated release date of May 25, 2024. Johnson moves for an order reducing his sentence and granting him compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A). The government opposes the motion.[1]

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and

---

[1] The government concedes that the Court has jurisdiction to review the motion given that more than 30 days have elapsed since Johnson submitted a request for compassionate release to the warden at USP Lompoc.

compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant United States Sentencing Guidelines state that "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. USSG § 1B1.13, Application Note 1(A). The Guidelines also require that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).[2]

With respect to whether an "extraordinary or compelling reason" exists, Johnson primarily argues that his medical conditions—chronic kidney disease, hypertension, and asthma—put him at greater risk for contracting and becoming seriously ill from COVID-19.[3] The government concedes that, given guidance from the Centers for Disease Control and Prevention ("CDC"), Johnson's chronic kidney disease increases his risk of severe illness if he contracts COVID-19, and his history of high blood pressure may have the same effect.[4] The government also acknowledges that the combination of an inmate's chronic medical condition and the risk of contracting COVID-19 in a custodial setting may constitute an extraordinary and compelling reason to grant a compassionate release motion.[5]

---

[2] The current guidelines were promulgated prior to the enactment of the Fair Sentencing Act. The continued applicability of those guidelines is a subject of conflicting authorities. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements [after the enactment of the FSA], courts 'can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant' compassionate release." (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). The Court need not decide the issue since it finds consideration of the factors stated in the existing guidelines useful in its exercise of discretion herein.

[3] Johnson also contends that he is at higher risk for severe illness from COVID-19 because he is an African American man and has a history of drug use that may have negatively affected his respiratory and pulmonary health.

[4] The government contends that defendant's asthma is not an "extraordinary or compelling reason" justifying release because the CDC has recognized only moderate to severe asthma as a condition that might increase one's risk of serious illness from COVID-19, and Johnson's medical records do not support such a diagnosis. In its reply, Johnson does not refute this claim.

[5] The Court notes that on May 28, 2020, after defendant complained of wheezing and shortness of breath, the facility conducted a lung x-ray, which appeared clear, and prescribed an albuterol inhaler to help him breathe. He was tested for COVID-19, and the results came back

The government argues that the motion should be denied, however, because Johnson remains a danger to the community. As to this issue, the Court notes that while in custody, Johnson has completed programming to better himself and develop vocational skills. He also has avoided incident reports. This is all to Johnson's credit. However, at the time of sentencing, Johnson had a criminal history score of 20. He has sustained 14 convictions since the age of 17, eight for drug offenses, three involving firearms, and one, in 2015, for aggravated assault. He began engaging in the conduct for which he is currently incarcerated just three months after he was terminated from supervision for his prior conviction. Moreover, defendant has served just 32 percent (37 percent when factoring in good time credits) of his sentence. If released, Johnson would have served significantly less than the applicable guideline range of 188 to 235 months and the statutory mandatory minimum sentence of 60 months. In sum, the nature and circumstances of his most recent offenses, in addition to his criminal history and to the fact that Johnson has served only one-third of his sentence, suggests Johnson's early release from custody would pose a danger to the community that is not outweighed by his medical conditions.

For the foregoing reasons, Johnson's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is **DENIED**.

This Order terminates Docket Number 42.

**IT IS SO ORDERED.**

Dated: August 10, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

negative. On July 14, 2020, Johnson again reported shortness of breath and was given another dose of albuterol.