# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**ALAN JOHNSON,**<br>Defendant. | CASE NO. 4:18-cr-145-YGR<br><br>**ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 58 |

Defendant Alan Johnson is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the United States Penitentiary in Lompoc, California ("USP Lompoc"). Johnson has filed a renewed motion for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A), requesting that the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release or home confinement and such other conditions as the Court deems just. The government opposes the motion. The Court previously denied Johnson's motion for reduction of sentence on August 10, 2020. (Dkt. No. 53.)

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of and in opposition to the motion and the reports provided by U.S. Probation, including its response specifically relating to the proposed release plan, the Court **DENIES** the motion.

---

[1] Thirty days having passed since Johnson submitted a renewed request for compassionate release on January 21, 2021 to the warden at USP Lompoc, the Court finds that it has jurisdiction.

## DISCUSSION

On October 2, 2018, Johnson pled guilty to violations of 21 U.S.C. sections 841(a)(1), (b)(1)(C), and (b)(1)(B)(iii) (possession with intent to distribute 28 grams or more of cocaine base). On January 31, 2019, the Court sentenced Johnson to a term of imprisonment of 86 months in the custody of the Bureau of Prisons ("BOP") and four years of supervised release. (Dkt. No. 41.) He has served just over 45% of his sentence.

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

With respect to whether an "extraordinary or compelling reason" justifies release, the government previously conceded, and the Court thus acknowledged, that, given guidance from the Centers for Disease Control and Prevention, Johnson's chronic kidney disease increases his risk of severe illness if he contracts COVID-19, and his history of high blood pressure may have the same effect. (Dkt. No. 53 at 2.) Accordingly, Johnson's previously stated medical conditions, apart from the newly cited conditions of likely hyperglycemia and his overweight status bordering on obese, may support a finding of an "extraordinary or compelling reason" for his release.

With this possibility in mind, the Court has again reviewed its file in this matter thoroughly, including the Probation Office's presentencing report submitted at the time of sentencing. At that time, Johnson had a criminal history score of 20, having sustained 14 convictions since the age of 17 (eight for drug offenses, three involving firearms, and one, in 2015, for aggravated assault). Indeed, he began engaging in the conduct for which he is currently incarcerated just three months after he was terminated from supervision for his prior conviction. In light of the foregoing, the Court previously concluded that his early release from custody would pose a danger to the community that is not outweighed by his medical conditions. This conclusion

does not change even "in light of a recent surge of COVID-19 cases in Lompoc, additional health information, and a newly formulated release plan." (*Id.* at 1.) Johnson himself acknowledges that the number of COVID-19 cases has declined since the latest surge. (Dkt. No. 65 at 2.) Moreover, he will have access to the vaccine which will further protect him. Even if Johnson may not be vaccinated in the immediate future, the increasing availability of the vaccine among staff and inmates at USP Lompoc supports a finding that the risk of contracting COVID-19 in this custodial setting is not as high as it once was.

Taking into account the defendant's danger to the community, as provided in 18 U.S.C. section 3142(g), and the factors under 18 U.S.C. section 3553(a), which also do not support Johnson's request for compassionate release, the Court finds that the law and the specific facts of this case weigh against any granting of this motion.

For the foregoing reasons, Johnson's renewed motion for compassionate release is **DENIED**.

This Order terminates Docket No. 58.

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**